UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | |
|---|---|
| ROSE CHANEY,        ) | |
|   ) | |
|   ) | |
|   Plaintiff,        ) | |
|   ) | |
| v.        ) | NO. 5:23-CV-00200-DCR-MAS |
|   ) | |
| DOLLAR GENERAL PARTNERS,        ) | |
|   ) | |
|   Defendant.        ) | |
|   ) | |
|   ) | |

**MEMORANDUM OPINION & ORDER**

Defendant Dollar General Partners ("Dollar General") has filed a Motion for Protective Order [DE 37] seeking relief from a FED. R. CIV. P. 30(b)(6) deposition of Dollar General as noticed by Plaintiff Rose Chaney ("Chaney"). The deposition notice names a specific witness, requests testimony on a broad topic, and attaches a subpoena duces tecum for documents. Chaney did not respond.[1] For those reasons and as further explained below, Dollar General's motion is granted.

**I.    BACKGROUND**

The dispute between Chaney and Dollar General is a standard slip and fall case. According to the Complaint, on August 5, 2022, Chaney was injured at a Dollar

---

[1] Local Rule 7.1 states that "[f]ailure to timely respond to a motion may be grounds for granting the motion."

1

General located in Lexington, Kentucky when she "walked over to get a shopping cart and fell."  [DE 1-1, Page ID# 10].

A.   **F**IRST **C**ORPORATE **N**OTICE

The litigation has proceeded in its normal course until the parties disagreed about a possible corporate deposition of Dollar General.  Per the Scheduling Order in this case, the parties conferred and met with the undersigned to discuss the dispute. [DE 31].  Dollar General objected to the notice ("First Corporate Notice") on four grounds.  First, Chaney noticed a corporate deposition under Rule 30(b)(6) but also identified a specific witness.  Second, Chaney identified broad topics for the corporate deposition that were not limited in time and scope.  Third, Chaney attached a subpoena duces tecum for documents.  And fourth, Dollar General raised concerns about possible inquiries that might implicate attorney-client and/or work product privileges.

In its provisional ruling, the Court addressed all these arguments.  [DE 31]. First, Rule 30(b)(6) makes clear that Dollar General, not Chaney, determines whom shall testify on their behalf.  Second, Rule 30(b)(2) states that any request for documents to a party must be made via Rule 34, not a subpoena.  Third and fourth, the Court provided guidance narrowing the proposed topics and delineating any privilege concerns.  The Court noted, however, that its ruling was merely provisional, and the parties were free to file a formal motion, if necessary.

B.   **S**ECOND **C**ORPORATE **N**OTICE

The record reflects the parties went back to the drawing board to craft a revised notice of corporate deposition that complied with the guidance provided by the Court

2

in its provisional ruling. [DE 37-2, Page ID# 201]. Specifically, the parties discussed the scope of topics, a possible representative for Dollar General, locations for a deposition, and possible deposition dates. [DE 37-2, Page ID# 201].

A couple days later, Chaney sent the second corporate deposition notice of Dollar General ("Second Corporate Notice"). [DE 37-3, Page ID# 202-05]. As with the First Corporate Notice, Chaney named a particular representative, attached a subpoena duces tecum for documents, and included a broad topic for discussion.

## II. ANALYSIS

### A. NAMING OF AN INDIVIDUAL

In the Second Corporate Notice, Chaney identified that the witness shall be Chad Snodgrass, the individual Dollard General named as the likely corporate representative. Regardless of whether Dollar General will or will not designate Snodgrass, Chaney is prohibited from controlling such a designation.

"Rule 30(b)(6) permits a party to notice the deposition of an organization if the requesting party 'describe[s] with reasonable particularity the matters for examination.' Upon receipt of the list of matters or topics, the organization is then tasked with producing a witness 'knowledgeable about the subjects described in the notice and to prepare the witness or witnesses to testify not simply to their own knowledge, but the knowledge of the corporation.'" *Woods v. Standard Fire Ins. Co.*, 589 F. Supp. 3d 675, 678 (E.D. Ky. 2022) (quoting *Janko Enters. v. Long John Silver's, Inc.*, No. 3:12-CV-345-S, 2014 WL 11152378, at *12 (W.D. Ky. Apr. 3, 2014). Chaney cannot simply ignore Dollar General's role in selecting its representative given that the corporate deposition will bind any and all answers of the representative to the

3

corporation. *Id.* ("In the end, '[t]he testimony of a Rule 30(b)(6) witness represents the knowledge of the corporation and presents the corporation's 'position' on the topic.'") (quoting *Alvey v. State Farm Fire & Cas. Co.*, No. 5:17-cv-00023-TBR-LLK, 2018 WL 826379, at *3 (W.D. Ky. Feb. 9, 2018)).

The Court can appreciate that Chaney likely identified Chad Snodgrass because that is whom Dollar General indicated it would produce at the corporate deposition. Nevertheless, Chaney cannot force such a designation through its notice.

B.    SCOPE OF DEPOSITION TOPICS

Chaney, in her Second Corporate Notice, seeks information about a single topic: "policies and procedures on safety for customers and/or consumers." [DE 37-3, Page ID# 202].

As mentioned above, a Rule 30(b)(6) notice "must describe with reasonable particularity the matters for examination," and the deponent "must testify about information known or reasonably available to the organization." "The test for reasonable particularity is whether the request places the party upon reasonable notice of what is called for and what is not." *Alvey v. State Farm Fire & Cas. Co.*, No. 5:17-cv-23-TBR-LLK, 2018 WL 826379, at *7 (W.D. Ky. Feb. 9, 2018). Albeit relevant, the topic of policies and procedures on store safety is far too broad. When "Rule 30(b)(6) is intended to streamline the discovery process," this topic would serve the opposite. *McKesson Corp. v. Islamic Republic of Iran*, 185 F.R.D. 70, 70 (D.D.C. 1999). Under the plain language of this topic, Chaney could ask about safety policies at any Dollar General store at any period in its history regarding any safety topic. For example, the noticed topic could hypothetically include how Dollar General deals with

flammable lithium-ion batteries in products at an Alabama store in 2006.  Everyone can agree such a discussion is far from relevant or particular.

In the end, Chaney's claim centers on the reasonable safety of the premises at the Dollar General store in Lexington on or around the date of her fall.  The topic for the corporate deposition should reflect such focus and particularity.

C.   **S**UBPOENA **D**UCES **T**ECUM

Chaney attached to the Second Corporate Notice a subpoena duces tecum seeking the production of twenty-three categories of documents.  [DE 37-3, Page ID# 204-5].  Rule 30(b)(2) excludes such a request.  That rule plainly states that while a corporate deposition of a non-party may include a subpoena duces tecum, the corporate deposition of a party may only seek production of documents through Rule 34.  Otherwise, by taking Chaney's approach of attaching a subpoena duces tecum to Second Corporate Notice, Chaney is circumventing the rigors and process of Rule 34.  The rules do not permit such circumvention.

### III.   CONCLUSION

For the reasons stated above, Dollar General's Motion for a Protective Order [DE 37] to quash the Second Corporate Notice is **GRANTED**.  Chaney may not proceed with the deposition of Dollar General as set forth in that notice because it names a specific corporate representative, contains an overly broad topic, and includes a subpoena duces tecum to a party to the litigation.

The undersigned enters this Order pursuant to 28 U.S.C. § 636(b)(1)(A).  Within twenty-eight (28) days from entry of this Order, either party may appeal this decision to Chief Judge Reeves pursuant § 636(b)(1)(A) and FED. R. CIV. P. 72(a).

Entered this the 21st of March, 2024.

MATTHEW A. STINNETT
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF KENTUCKY